Sam COPLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 57032.

Court of Criminal Appeals of Texas,
Panel No. 2.

June 27, 1979.

Rehearing En Banc Denied Sept. 19, 1979.

H. Tati Santiesteban, El Paso, for appellant.

Henry M. Wade, Dist. Atty., Stephen J. Wilensky, Richard Worthy and Dick Zadina, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

DOUGLAS, Judge.

Sam Coplin appeals from his conviction for misapplication of fiduciary property having a value of $10,000 or more. Punishment was assessed by the jury at seven years and a $5,000 fine.

Coplin contends that his conduct was not unlawful, that the charge was vague and misleading and that a portion of the charge constituted a comment on the weight of the evidence. The sufficiency of the evidence is not challenged.

During 1975, Coplin promoted a Henry Mancini-Dionn Warwick concert and the closed circuit TV broadcast of the Muhammed Ali-Joe Bugner fight. Ted Mitchell and David Tripplehorn provided the fi-

nancial investment for these ventures. In June, 1975, Coplin approached Mitchell and Tripplehorn about the TV rights for the upcoming Ali-Joe Frazier fight. Mitchell and Tripplehorn invested $30,000. In August, Coplin informed Mitchell and Tripplehorn that he had obtained TV rights in fifteen cities but that he needed an additional $30,000. An agreement was signed by the parties. Coplin represented that he had already obtained the TV rights in fifteen cities. After the fight was held, Coplin told his partners that the venture had been successful; however, he never paid them any money. Coplin had never obtained any TV rights to the fight. He deposited the second $30,000 in the First National Bank of Euless on September 2, 1975. He withdrew $26,000 in cash the same day.

Section 32.45 of the Penal Code defines the offense of misapplication of fiduciary property. The statute defines fiduciary as:

"(a) For purposes of this section:

"(1) 'Fiduciary' includes:

"(A) trustee, guardian, administrator, executor, conservator, and receiver;

"(B) any other person acting in a fiduciary capacity, but not a commercial bailee; and

"(C) an officer, manager, employee, or agent carrying on fiduciary functions on behalf of a fiduciary."

The statute then defines the offense as:

"(b) A person commits an offense if he intentionally, knowingly, or recklessly misapplies property he holds as a fiduciary or property of a financial institution in a manner that involves substantial risk of loss to the owner of the property or to a person for whose benefit the property is held."

The indictment essentially alleged that a joint venture was created between Tripplehorn, Mitchell and Coplin, that Coplin held funds from the joint venture as a fiduciary and that Coplin misapplied these funds.

A joint venture, while it is similar to a partnership, differs in that it is limited to a single transaction rather than an ongoing business. 33 Tex.Jur.2d 289, Joint Adventures, Section 3 (1962). However, just as with a partnership,

"[t]he parties bear a fiduciary relation one to another, and are bound to the same degree of good faith as that which is required in case of a partnership." 33 Tex.Jur.2d 294, Joint Adventures, Section 6.

In its discussion of the fiduciary duty owed by partners to each other, *Texas Jurisprudence* observes that the existence of a fiduciary relationship "is especially true in favor of a partner who is ignorant of the details of the business as against one who has been entrusted and charged therewith as an expert, and whose advice and good faith have been relied on." 44 Tex.Jur.2d 376, Partnership, Section 50 (1963).

The State both alleged and proved the existence of the joint venture and Coplin's misapplication of joint venture funds. However, Coplin contends that his conduct does not violate the statute. He argues that the statutory definition in Section 32.-45(a)(1)(B), "any other person acting in a fiduciary capacity," must be interpreted in a narrow sense to embrace only an individual associated with the fiduciaries enumerated in Section 32.45(a)(1)(A), "trustee, guardian, administrator, executor, conservator, and receiver." We do not agree with this interpretation. The statute sets out three distinct groups that are fiduciaries. The final group, Section 32.45(a)(1)(C), includes those acting for a fiduciary. Where the Legislature has used plain language, such as Section 32.45(a)(1)(B), there is no reason for us to interpret that language in any way other than normal usage. We hold that "any other person acting in a fiduciary capacity" embraces any fiduciary, including a joint adventurer or partner, not enumerated in Section 32.45(a)(1)(A).

Complaint is next made that the jury charge is vague and confusing because it fails to define the following crucial terms: "fiduciary property", "commercial bailee", "trustee", "guardian", "administrator", "executor", "conservator", "receiver" and "managing partner." Coplin also contends that "fiduciary" is not completely defined.

We have examined the charge. It defines the offense and applies the facts to the law. It defines the terms fiduciary, joint venturer, misapply, owner, benefit and property. The charge properly submits the case to the jury in accordance with the statute. We note that "trustee", "guardian", "administrator", "executor", "conservator", and "receiver" are not essential terms in a prosecution under Section 32.-45(a)(1)(B). No error is shown.

■ Coplin contends that the charge comments on the weight of the evidence. He objected to the following portion:

"Now, therefore, if you find and believe from the evidence beyond a reasonable doubt that the defendant, Sam Coplin, on or about the 15th day of October, 1975, in the County of Dallas and the State of Texas, as alleged in the second count of the Indictment, did then and there intentionally or knowingly misapply property, to-wit: Current Money of the United States of America of the value of $10,-000.00 or more which he held as a fiduciary but not as a commercial bailee, to-wit: as the managing partner of a joint venture with Tripplehorn-Mitchell Interests as evidenced by a written instrument entitled 'AGREEMENT FOR INVESTMENT IN ALI/FRASER CLOSED–CIRCUIT TELECAST', dated the 29th day of August, 1975, and signed by Ted. H. Mitchell on behalf of Tripplehorn-Mitchell Interests, and Sam Coplin, individually and as president of Dallas Sporting Events, Inc., in a manner that involved substantial risk of loss to Tripplehorn-Mitchell Interests, the owner of said property, by then and there utilizing said property for purposes other than those for which it was invested as stated in the agreement aforesaid under which said property was held, you will find the defendant guilty of the offense of misapplication of fiduciary property of a value of $10,000 or more, as charged in the second count of the Indictment."

This paragraph essentially tracks the indictment. It begins "if you find and believe." It requires the jury to find Coplin guilty, beyond a reasonable doubt, of being a fiduciary exactly as alleged in the indictment. This is not a comment on the weight of the evidence.

There is no reversible error. The judgment is affirmed.