

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1416-12

**LARRY EUGENE BERRY, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### AND DISCRETIONARY REVIEW ON COURT'S OWN MOTION
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

ALCALA, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, WOMACK, JOHNSON, HERVEY, and COCHRAN, JJ., joined. PRICE and KEASLER, JJ., concurred.

### O P I N I O N

In this case, we interpret the meaning of the term "fiduciary capacity" as it appears in

the statute defining the offense of misapplication of fiduciary property. *See* TEX. PENAL

CODE § 32.45(a)(1)(C), (b). Interpreting that term in light of its plain meaning, we hold that

it encompasses only special relationships of confidence or trust in which one party is

obligated to act primarily for the benefit of the other. Applying that plain meaning to the

facts of this case, we hold that appellant, Larry Eugene Berry, was not acting in a fiduciary

capacity when he took payments from customers for window treatments and then failed to deliver those goods as promised. We, therefore, find the evidence insufficient to support appellant's conviction for misapplication of fiduciary property in count one of the indictment under which he was tried. We reverse the judgment of the court of appeals holding that appellant was acting as a fiduciary and that the evidence was sufficient to sustain his conviction. *See Berry v. State*, No. 04-10-00924-CR, 2012 WL 1648213 (Tex. App.—San Antonio May 9, 2012) (mem. op., not designated for publication).

In light of the fact that appellant was also convicted on one count of aggregated theft in the same trial, this Court granted a second ground for review on our own motion to determine whether a defendant who is tried and convicted jointly for two offenses is entitled to a new punishment hearing if one of those convictions is reversed on appeal due to insufficient evidence. Having reviewed the relevant principles of law that determine whether a defendant is entitled to resentencing, we conclude that appellant is not entitled to a new punishment hearing on the theft charge for which he was convicted in count two, and we uphold his conviction on that count.

## I. Background

### A. Criminal Conduct and Trial Proceedings

Appellant owned a Budget Blinds franchise in San Antonio during 2004 and 2005. Appellant's business consisted of selling and installing blinds and shutters for homes and businesses. Starting in 2004, customers began complaining that appellant had taken payments for orders but never delivered products as promised. In 2005, after receiving

multiple complaints, Budget Blinds terminated appellant's franchise agreement and compensated some of appellant's customers who had not received their orders. After the franchise agreement was terminated, appellant continued operating his business under the name Blinds Depot. His practice of taking money for undelivered products continued, resulting in several customers contacting the police to report the matter. Appellant was arrested and charged with one count of aggregated misapplication of fiduciary property valued at more than $20,000 but less than $100,000, and one count of aggregated theft of currency valued at more than $20,000 but less than $100,000.[1]

Appellant was tried on both counts before a jury. At trial, the State called thirty-two of the forty-one victims alleged in the indictment to testify. Each witness testified that appellant agreed to sell and install blinds or shutters and, after receiving partial payment, failed to deliver products and services. Appellant was convicted on both counts. The trial court sentenced appellant to ten years' imprisonment on each count, to run concurrently, and ordered him to pay $78,733.44 in restitution.

## B. Appellate Proceedings

On direct appeal, appellant argued that the evidence was insufficient to support his conviction for misapplication of fiduciary property because there was no evidence that he was "acting in a fiduciary capacity" at the time of the offense, as required by the statute. *See* TEX. PENAL CODE § 32.45(a)(1)(C), (b). The court of appeals disagreed. *See Berry*, 2012

---

[1]     *See* TEX. PENAL CODE §§ 32.45 (defining offense of misapplication of fiduciary property); 31.03 (defining offense of theft); 31.09 (permitting aggregation for purposes of property offenses).

WL 1648213, at *2. In finding the evidence sufficient to sustain appellant's conviction on the misapplication count, the court of appeals initially observed that the meaning of the term "fiduciary capacity" is not defined by the statute. *Id.* It interpreted that term in light of its "plain and common meaning" and concluded that it means "'holding, held, or founded in trust or confidence.'" *Id*. (quoting WEBSTER'S NEW INTERNATIONAL DICTIONARY 845 (3d ed. 1981)). It further observed that one who acts as a fiduciary is "a person who has a duty, created by his own undertaking, to act primarily for another person's benefit in matters connected with such undertaking." *Id.* (citing *Gonzalez v. State*, 954 S.W.2d 98, 103 (Tex. App.—San Antonio 1997, no pet.); BLACK'S LAW DICTIONARY 625 (6th ed. 1990)). A person receives money in a fiduciary capacity, it stated, "'when the business which he transacts, or the money or property which he handles, is not his or for his own benefit, but for the benefit of another person as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part.'" *Id*. (quoting *Gonzalez*, 954 S.W.2d at 103; BLACK'S LAW DICTIONARY 625 (6th ed. 1990)).

Applying the plain meaning of "fiduciary" to the facts of this case, the court of appeals concluded that the evidence was sufficient to support a finding that appellant acted in a fiduciary capacity with respect to his customers. *Id.* at *3. In reaching its conclusion, it reasoned that "each of the thirty-two victims testified that they had an agreement with [appellant] to order and deliver the blinds and/or shutters they chose, and that the money they paid [appellant] up front was for the specific purpose of ordering their window treatments,

not for his own use or benefit." *Id.* It further reasoned that appellant's customers "trusted" him to "perform in accordance with their agreement," that he "was aware of the trust they reposed in him," and that he was "required to act in a fiduciary capacity with respect to his customers' funds." *Id.* On this basis, the court of appeals concluded that appellant was "clearly acting as a fiduciary" when he accepted his customers' payments for the "particular purpose of ordering their blinds and/or shutters, and pursuant to an agreement that the money was to be used for the benefit of the customers, not for [appellant's] own benefit." *Id.*[2]

This Court granted a single ground in appellant's petition for discretionary review to determine whether the court of appeals erred by concluding that appellant was acting in a "fiduciary capacity" when he agreed to provide customers with blinds or shutters, took payments accordingly, and failed to deliver goods and services.[3] We also granted a second ground on our own motion to determine whether a defendant who is tried jointly for two offenses is entitled to a new punishment hearing when one of the convictions is reversed on

---

[2] The court of appeals also held that the evidence was sufficient to sustain the jury's finding that appellant "misapplied" the funds he held in a fiduciary capacity. *See Berry v. State,* No. 04-10-00924-CR, 2012 WL 1648213, at *3 (Tex. App.—San Antonio May 9, 2012) (mem. op., not designated for publication); TEX. PENAL CODE § 32.45(a)(2). Because we granted review for the limited purpose of determining whether the evidence is sufficient to support the jury's finding that appellant was acting in a "fiduciary capacity," and because we now hold that there is insufficient evidence to support that element, we do not address the separate question of whether the evidence was sufficient to support the jury's finding on the misapplication element of the offense. *See* TEX. PENAL CODE § 32.45(a)(2), (b).

[3] Appellant's fourth ground for review asks: "Whether the court of appeals erred in finding the evidence is legally sufficient since there was no evidence of misapplication by a fiduciary, requiring that this verdict must be reversed and an acquittal entered."

appeal for insufficient evidence.[4]  *See* TEX. CODE CRIM. PROC. art. 44.45(a) (permitting review by this Court on its own motion).

## II.  Evidence Is Insufficient to Establish That Appellant Was Acting as Fiduciary

Appellant argues that the evidence is insufficient to support his conviction for misapplication of fiduciary property because there is no evidence that he was acting in a fiduciary capacity with respect to his customers at any time.  He further contends that, at all times, the agreement he had with his customers was nothing more than "a contract for goods and services" and that he was "not in any special privity to make him a fiduciary."  As explained further below, we agree with appellant and hold that no rational trier of fact could have determined that appellant was acting in a fiduciary capacity when he received customers' orders and payments for blinds and shutters and then failed to deliver those goods.  *See Jackson v. Virginia*, 443 U.S. 307, 316, 319, 99 S. Ct. 2781 (1979) (court reviewing for sufficiency of evidence must determine whether, viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt); *Brooks v. State*, 323 S.W.3d 893, 899, 912 (Tex. Crim. App. 2010).

### A.  Statutory Analysis of "Acting in a Fiduciary Capacity"

A person commits the offense of misapplication of fiduciary property if he "intentionally, knowingly, or recklessly misapplies property he holds as a fiduciary . . . in a

---

[4]     The additional ground upon which we granted review asks, "When two offenses are tried jointly, and one of the convictions is reversed for insufficient evidence, should the defendant receive a new punishment hearing on the remaining offense?"

manner that involves substantial risk of loss to the owner of the property or to a person for whose benefit the property is held." *See* TEX. PENAL CODE § 32.45(b). The statute further provides that a "fiduciary" includes:

> (A) a trustee, guardian, administrator, executor, conservator, and receiver;
>
> (B) an attorney in fact or agent appointed under a durable power of attorney as provided by Chapter XII, Texas Probate Code;
>
> (C) *any other person acting in a fiduciary capacity*, but not a commercial bailee unless the commercial bailee is a party in a motor fuel sales agreement with a distributor or supplier, as those terms are defined by Section 162.001, Tax Code; and
>
> (D) an officer, manager, employee, or agent carrying on fiduciary functions on behalf of a fiduciary.

*Id*. § 32.45(a)(1) (emphasis added).[5]

Appellant was charged with misapplication of fiduciary property under the generic definition of a fiduciary that appears in Subsection (C), which defines a fiduciary as "any other person acting in a fiduciary capacity." *Id*. § 32.45(a)(1)(C). The statute does not define what constitutes acting in a fiduciary capacity, and so we interpret that phrase in accordance with its plain meaning. *See Ex parte Valdez,* 401 S.W.3d 651, 655 (Tex. Crim. App. 2013) ("We construe a statute in accordance with the plain meaning of its text unless the plain meaning leads to absurd results that the legislature could not have possibly intended."); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (when statutory language is

---

[5]    Although we do not interpret the misapplication prong of the statute in this opinion, we further note that the statute states that a person "misapplies" fiduciary property when he "deal[s] with [that] property contrary to: (A) an agreement under which the fiduciary holds the property; or (B) a law prescribing the custody or disposition of the property." TEX. PENAL CODE § 32.45(a)(2).

clear and unambiguous, we give effect to its plain meaning unless to do so would lead to absurd consequences).

As the court of appeals below correctly observed, the plain meaning of a fiduciary is one "who is required to act for the benefit of another person on all matters within the scope of their relationship." BLACK'S LAW DICTIONARY 702 (9th ed. 2009); *see also* WEBSTER'S NEW INTERNATIONAL DICTIONARY 845 (3d ed. 2002) (defining adjective of fiduciary as "holding, held, or founded in trust or confidence"). An individual who acts as a fiduciary is further defined as "one who owes to another the duties of good faith, trust, confidence and candor," or, "[o]ne who must exercise a high standard of care in managing another's money or property." BLACK'S LAW DICTIONARY 702 (9th ed. 2009).[6] A fiduciary relationship may additionally be described as "existing when one person justifiably reposes confidence, faith, and reliance in another whose aid, advice, or protection is sought in some matter," or when "good conscience requires one to act at all times for the sole benefit and interest of another with loyalty to those interests." WEBSTER'S NEW INTERNATIONAL DICTIONARY 845 (3d ed. 2002); *see also* BLACK'S LAW DICTIONARY 545 (8th ed. 2004) (fiduciary is one who has duty to "act with the highest degree of honesty and loyalty toward another person").

Common examples of a fiduciary relationship include a "trustee-beneficiary, guardian-ward, principal-agent, and attorney-client," and the relationship commonly arises in one of

---

[6]      *See also Gonzalez v. State*, 954 S.W.2d 98, 103 (Tex. App.—San Antonio 1997, no pet.) (Onion, J.) (stating that one acts in a fiduciary capacity with regard to another's property when the property she handles "is not [hers] or for [her] own benefit, but for the benefit of another person as to whom [she] stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part") (quoting BLACK'S LAW DICTIONARY 625 (6th ed. 1990)).

four situations:

> (1) when one person places trust in the faithful integrity of another, who as a result gains superiority or influence over the first, (2) when one person assumes control and responsibility over another, (3) when one person has a duty to act for or give advice to another on matters falling within the scope of the relationship, or (4) when there is a specific relationship that has traditionally been recognized as involving fiduciary duties, as with a lawyer and a client or a stockbroker and a customer.

BLACK'S LAW DICTIONARY 1402 (9th ed. 2009).

Although we do not expressly adopt the civil-law interpretations of the word "fiduciary," we observe that the civil courts of Texas have generally held that everyday arms-length business transactions, including contracts to sell goods and services, do not give rise to a fiduciary relationship between the parties. *See Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (Tex. 1992), *superseded by statute on other grounds* ("The fact that one businessman trusts another, and relies upon his promise to perform a contract, does not rise to a confidential relationship."). That is because in everyday business dealings, it is assumed that the parties interact for their mutual benefit, and, therefore, a party is not expected to act solely for the benefit of the other party to the contract. *See Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 177 (Tex. 1997) (declining to impose fiduciary relationship in contractual situation because "all contracting parties presumably contract for their mutual benefit"). To impose a fiduciary relationship in ordinary business dealings would run contrary to the principle that a fiduciary is obligated to act for the primary benefit of the other party. *See* WEBSTER'S NEW INTERNATIONAL DICTIONARY 845 (3d. ed. 2002); *National Plan Adm'rs, Inc. v. National Health Ins. Co.*, 235

S.W.3d 695, 702 (Tex. 2007) ("a contractual obligation does not generally give rise to a fiduciary duty").

This Court's cases interpreting the misapplication statute are consistent with an understanding of the term "fiduciary" as encompassing special trust- or confidence-based relationships. *See, e.g., Bynum v. State*, 767 S.W.2d 769, 777 (Tex. Crim. App. 1989) (holding there was sufficient evidence to establish that defendant misappropriated fiduciary property when he cashed checks given to him as contributions for the benefit of funding citizens' political-action committee); *Coplin v. State*, 585 S.W.2d 734, 736 (Tex. Crim. App. 1979) (upholding conviction for misapplication of fiduciary property against managing partner of joint venture who received money from investors for purposes of obtaining television broadcast rights but instead cashed checks for personal use).[7] In *Coplin*, this Court

---

[7]     Decisions of the courts of appeals provide further examples of individuals acting in a fiduciary capacity within the meaning of the misapplication statute. *See, e.g., Fuelberg v. State*, 410 S.W.3d 498, 502 (Tex. App.—Austin 2013) (defendant was general manager of non-profit utility cooperative who funneled cooperative's funds to his brother and a friend); *Anderson v. State*, 322 S.W.3d 401, 406–07 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (defendant was investment manager who received funds for sole purpose of investing funds in limited partnership but instead spent funds on personal legal fees and a car); *Head v. State*, 299 S.W.3d 414, 433 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (defendant was financial adviser and protector of elderly woman's two trusts who took personal and business loans from complainant's funds without her knowledge); *Tyler v. State*, 137 S.W.3d 261, 264–66 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (defendant was acting in "fiduciary capacity" when she agreed to help manage elderly relative's financial assets and then withdrew funds from complainant's bank account without authorization); *Huett v. State*, 970 S.W.2d 119, 124–25 (Tex. App.—Dallas 1998, no pet.) (defendant used investors' money on personal expenditures unrelated to oil-lease business including house and car payments, clothing, and grocery expenses); *Starnes v. State*, 929 S.W.2d 135, 137–38 (Tex. App.—Fort Worth 1996, no pet.) (defendant was hired by volunteer fire department to run charity bingo games and misappropriated money from organization); *Dwyer v. State*, 836 S.W.2d 700, 702 (Tex. App.—El Paso 1992, pet. ref'd) (defendant was accountant who received customers' payments for purpose of forwarding them to utility company but instead applied them to his own personal and business expenses); *Showery v. State*, 678 S.W.2d 103, 106 (Tex. App.—El Paso 1984, pet. ref'd) (defendant was physician who received insurance-company overpayments on patient's behalf and

stated that the plain meaning of the statutory term "acting in a fiduciary capacity" was broad enough to encompass "any fiduciary, including a joint adventurer or partner," but it did not suggest that the meaning of that term was so broad as to encompass activities associated with everyday arms-length business transactions. *See Coplin*, 585 S.W.2d at 735 (citing TEX. PENAL CODE § 32.45(a)(1)(C)).

Regarding the plain meaning of the term "fiduciary," the State contends in its brief on discretionary review that the Legislature "appears to have purposefully allowed for the broadest possible construction of the term 'fiduciary'" and that this Court should accordingly interpret the statute broadly. But the definition proposed by the State in that brief acknowledges that a fiduciary must have a duty "founded in trust or confidence" "to act primarily for another person's benefit." That definition is consistent with the one applied by the court of appeals and now by this Court. *See Berry*, 2012 WL 1648213, at *2. The State does not explain how an ordinary, one-time contract to sell goods and services between two parties acting for their own benefit would be included within its definition of fiduciary, which requires a special relationship between the parties based on trust, good faith, loyalty, and confidence, with one party operating under a duty to act primarily for the other person's benefit.

In light of the foregoing, we hold that one acts in a "fiduciary capacity" for purposes of the misapplication statute if his relationship with another is based not only on trust, confidence, good faith, and utmost fair dealing, but also on a justifiable expectation that he

---

then failed to forward payments to patient).

will place the interests of the other party before his own. *See* BLACK'S LAW DICTIONARY 702 (9th ed. 2009) (fiduciary relationship is founded on "trust" and "confidence"; fiduciary is "required to act for the benefit of another person on all matters" within scope of relationship and is required to exercise a "high standard of care" in handling other party's property); WEBSTER'S NEW INTERNATIONAL DICTIONARY 845 (3d ed. 2002) (fiduciary relationship arises when one person justifiably reposes confidence, faith, and reliance in another, and when "good conscience" requires one person to act "at all times for the sole benefit and interests of another with loyalty to those interests"); *see also Crim Truck*, 823 S.W.2d at 594 (fiduciary is required to "place the interest of the other party before his own"). We now consider whether the court of appeals correctly applied that definition to the facts of this case.

**B. Evidence Is Insufficient To Sustain Finding That Appellant Was Fiduciary**

In reaching its conclusion that appellant was acting in a fiduciary capacity, the court of appeals reasoned that (1) appellant had an "agreement" with his customers to provide them with window treatments, (2) the customers' payments were for the "specific purpose" of carrying out that agreement and were "not for [appellant's] own use or benefit," and (3) appellant's customers trusted him to carry out his end of the bargain. *Berry*, 2012 WL 1648213, at *3. On this basis, it concluded that appellant was acting as a fiduciary when he accepted his customers' money for the particular purpose of ordering their blinds and shutters. *Id*. We disagree that appellant's ordinary business relationship with his customers was, by virtue of the existence of an agreement to provide them with window treatments, a fiduciary relationship. Appellant had no special or confidential relationship with his

customers beyond the usual contractual relationship that exists between any seller and a buyer of goods. No evidence shows that appellant was a confidant, specially trusted advisor, or that there was any special relationship that would have required him to act primarily in the interest of his customers rather than in his own pecuniary interest, nor is there any evidence to show that appellant was required to exercise a high standard of care in handling his customers' money. There is nothing in the record to suggest that appellant was specially "required to act for the benefit of" his customers or that he owed them a duty of "good faith, trust, confidence and candor." BLACK'S LAW DICTIONARY 702 (9th ed. 2009); *see also Ditta v. Conte*, 298 S.W.3d 187, 191 (Tex. 2009) (noting that fiduciary "occupies a position of peculiar confidence towards another"); *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005). On the contrary, this is a situation involving a one-time contract for goods and services made for the benefit of both parties and is, therefore, not the type of relationship that gives rise to a fiduciary duty. *See Meyer*, 167 S.W.3d at 331 (holding there was no fiduciary relationship between two business associates after one associate failed to pay another promised amounts for completed work on real-estate development project).

The State argues in its brief, and the court of appeals noted in its opinion below, that appellant's customers trusted him to provide them with window treatments in exchange for payment, and that because they trusted him to act in conformity with that agreement, he was acting in a fiduciary capacity. But the mere fact that appellant's customers subjectively trusted him is insufficient to give rise to a fiduciary relationship. *See id.* (stating that mere "subjective trust," without more, does not transform an ordinary business relationship into

a fiduciary relationship). Although appellant clearly acted contrary to the agreement he had with his customers, his dishonesty and deception in failing to perform his end of the bargain have no bearing on the question of whether he was acting in a fiduciary capacity in the first instance.

In short, the court of appeals cited the correct definition of "fiduciary" in assessing the sufficiency of the evidence to sustain appellant's conviction, but erred in its application of that definition to the facts of this case. Considering all the evidence in a light most favorable to the jury's verdict, we hold that no rational juror could have found that appellant was acting as a fiduciary with respect to his customers. *See Jackson*, 443 U.S. at 316. We, therefore, hold that the evidence is insufficient to sustain appellant's conviction for misapplication of fiduciary property.

## III.   Appellant Is Not Entitled to New Punishment Hearing on Theft Conviction

In light of this Court's holding that the evidence is insufficient to sustain appellant's conviction for misapplication of fiduciary property, and in light of the fact that appellant was convicted in the same trial of aggregated theft, this Court granted review on its own motion to determine whether appellant is entitled to a new hearing on punishment on his remaining conviction for theft, for which he received a sentence of ten years' imprisonment. We conclude that appellant is not entitled to resentencing on the theft count.

In response to this Court's request for briefing on this issue, the State asserts that appellant is not entitled to a new punishment hearing on the theft count in light of this Court's opinion in *Ex parte Mills*, 795 S.W.2d 203, 203–04 (Tex. Crim. App. 1990). In

*Mills*, this Court was asked to decide whether a defendant who had been jointly convicted of two counts of theft by receiving was entitled to a new punishment hearing after one of those counts was reversed on appeal for insufficient evidence. *Id*. at 203. The applicant for post-conviction relief in *Mills*, who had received a sixty-five year sentence on each count, argued that he should receive a new punishment hearing because "there is no way of knowing if the finder of fact would have assessed the same punishment had Applicant been found guilty of only one of the counts." *Id*. In rejecting Mills's argument, this Court initially noted that the "record reflect[ed] separate punishment imposed for each count," and it further reasoned that Mills had "fail[ed] to establish that the jury's consideration of the second count of the indictment, and its ultimate verdict and sentence on the count, contributed to the separate sentence imposed on the first count in the indictment." *Id*. at 205. It noted that the "facts of the case" did not "otherwise reflect that the jury's verdict of guilty on the second count . . . affected the punishment assessed in the first count." *Id*. This Court in *Mills* distinguished the situation in that case from other cases in which it had held that a new punishment hearing was warranted when the misjoinder of two offenses into a single indictment resulted in a single sentence for both offenses, making it impossible to conclude that the trial court's sentence would have been unaffected by the reversal of one of the offenses. *Id*. at 204 (citing *Ex parte Broyles*, 759 S.W.2d 674 (Tex. Crim. App. 1988)).

*Mills* is squarely on point. In this case, as in *Mills*, appellant received a separate ten-year sentence on each count of which he was convicted. The judgment of the trial court clearly reflects that appellant received two sentences, one for each count, to run concurrently.

Furthermore, as in *Mills*, appellant has failed to argue, let alone establish, that the trial court's consideration of the misapplication count contributed to his sentence on the theft charge. *See Mills*, 795 S.W.2d at 205 (declining to hold that defendant was entitled to new punishment hearing on remaining conviction when he had "fail[ed] to establish" that jury's consideration of second count contributed to sentence on first count); *see also Ex parte Cravens*, 805 S.W.2d 790, 791 (Tex. Crim. App. 1991) (same). Appellant makes no argument that *Mills* was wrongly decided or that it differs from this case. We, therefore, hold that appellant has failed to demonstrate that he is entitled to a new punishment hearing under the reasoning of *Mills*.

## IV. Conclusion

We hold that the evidence is insufficient to sustain appellant's conviction for misapplication of fiduciary property and we reverse the judgment of the court of appeals. We render judgment in favor of appellant acquitting him of the offense of misapplication of fiduciary property for which he was convicted in count one. In response to the additional ground upon which we granted review, we further hold that appellant is not entitled to a new punishment hearing on his theft conviction. We, therefore, affirm the judgment of the court of appeals upholding appellant's conviction for theft in count two.

Delivered: March 19, 2014

Publish