FILED IN
COURT OF CRIMINAL APPEALS

July 23, 2015

ABEL ACOSTA, CLERK

PD-0123-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/23/2015 3:31:05 PM
Accepted 7/23/2015 3:34:17 PM
ABEL ACOSTA
CLERK

No. PD-0123-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS


JAMES FERNANDEZ, Appellant

v.

THE STATE OF TEXAS, Appellee

Appeal from Val Verde County


\*   \*   \*   \*   \*

**STATE'S BRIEF ON THE MERITS**

\*   \*   \*   \*   \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No.13803300

JOHN R. MESSINGER
Assistant State Prosecuting Attorney
Bar I.D. No. 24053705

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

## SUPPLEMENTAL LIST OF PARTIES AND COUNSEL

*Counsel for the State before this Court is John R. Messinger, Assistant State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711.

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      **I.**    **Law**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      **II.**    **Application**.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . 4

      **III.**  **Conclusion**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# INDEX OF AUTHORITIES

**Cases**

*Anderson, Greenwood & Co. v. Martin*, 44 S.W.3d 200 (Tex. App.–Houston [14th Dist.] 2001, pet. den'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Berry v. State*, 424 S.W.3d 579 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . . . . . . 5

*Cortez v. State*, 582 S.W.2d 119 (Tex. Crim. App. 1979). . . . . . . . . . . . . . . . . . . 4

*Daugherty v. State*, 387 S.W.3d 654 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . . 4

**Statutes and Rules**

TEX. PENAL CODE § 31.01(1)(B).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TEX. PENAL CODE § 31.01(3)(A).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TEX. PENAL CODE § 31.01(4)(B).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TEX. PENAL CODE § 31.03(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TEX. PENAL CODE § 31.03(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Other**

BLACK'S LAW DICTIONARY (Special Deluxe 5th ed. 1979).. . . . . . . . . . . . . . . . . . . 4

Seth S. Searcy, III & James R. Patterson, Practice Commentary (Vernon's 1989). 3

No. PD-0123-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

JAMES FERNANDEZ,                                        Appellant

v.

THE STATE OF TEXAS,                                        Appellee

* * * * *

**STATE'S BRIEF ON THE MERITS**

* * * * *

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now the State of Texas, by and through its State Prosecuting Attorney, and respectfully presents to this Court its brief on the merits.

**STATEMENT REGARDING ORAL ARGUMENT**

This Court denied appellant's request for argument.

**STATEMENT OF FACTS**

Any additional facts will be included in the State's argument.

**SUMMARY OF THE ARGUMENT**

Appellant seeks acquittal of theft by deception. He claims that, because he never sought consent from the county to use an airline credit obtained with county

1

funds, he could not have induced consent by deception. Further, any deception that occurred after the original consent could not have rendered it ineffective. On the unique facts of this case—appellant's status as a judge, his relationship to the county, the nature of the purchase, and the mechanism for payment—appellant retained a duty to correct the false impression he created until the credit, in whatever form, was no longer recoverable by the county.

## ARGUMENT

Appellant argues that he cannot be guilty of theft by deception because there was no deception when he obtained consent to purchase airline tickets in February and he did not ask for consent when he used the airline credit in August. In the usual case, appellant would be correct. This is not the usual case. Because of the unique relationship between the parties and the nature of the purchase, appellant retained a duty to correct the false impression that the funds would be spent on official county business. His failure to do so rendered the county's consent ineffective.

### I. Law

A person commits the offense of theft "if he unlawfully appropriates property with intent to deprive the owner of property."[1] "Appropriate" means, *inter alia*, "to

---

[1] TEX. PENAL CODE § 31.03(a).

2

acquire or otherwise exercise control over property other than real property."[2]

Appropriation of property is unlawful if it is without the owner's effective consent.[3]

Consent is not effective if it is "induced by deception or coercion."[4]

In this case, "deception" means "failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true[.]"[5] As the commentary to the Penal Code explains, the basis for this manner of deception is the duty owed by the actor:

> Subdivision (B) [of 31.01(1)] provides that it is deception when an actor, having created or confirmed a false impression in good faith, subsequently acquires information that leads him to believe the impression false and fails to inform the victim. Although this creates an affirmative duty to disclose, it applies only when the actor previously created or confirmed the victim's misimpression.[6]

This policy extends to civil law; even without a confidential or fiduciary relationship, a duty to disclose new information may be imposed on one who has made a representation and is aware the new information makes the earlier representation

---

[2]    TEX. PENAL CODE § 31.01(4)(B).

[3]    TEX. PENAL CODE § 31.03(b)(1).

[4]    TEX. PENAL CODE § 31.01(3)(A).

[5]    TEX. PENAL CODE § 31.01(1)(B).

[6]    Seth S. Searcy, III & James R. Patterson, Practice Commentary, TEX. PENAL CODE § 31.03, p. 20. (Vernon's 1989).

misleading or untrue.[7]

## II.    Application

Ordinarily, "once the other person has completed the performance of his obligations in the transaction, any later deception would be incapable of affecting retrospectively his judgment in what he has already completed."[8] This makes sense in the typical arm's length transaction, in which unrelated parties act in their own self-interest.[9] But it does not apply to unique facts of this case.

Appellant was neither a customer of, nor vendor for, the county—he was a judge. As a judge, he had access to a county credit card. "[T]he card is applied for in the name of Val Verde County, and the name of that individual requesting that card . . . would appear there. On the bottom it would say . . . 'Val Verde County - James Fernandez,' you know, something like that."[10] Each card would have a different number, but the county received a single Visa bill that listed the expenditures from

---

[7]    *Anderson, Greenwood & Co. v. Martin*, 44 S.W.3d 200, 212 (Tex. App.–Houston [14th Dist.] 2001, pet. den'd).

[8]    *Cortez v. State*, 582 S.W.2d 119, 121 (Tex. Crim. App. 1979); *see also Daugherty v. State*, 387 S.W.3d 654, 658-59 (Tex. Crim. App. 2013) (discussing timing in the context of theft of service).

[9]    BLACK'S LAW DICTIONARY 100 (Special Deluxe 5th ed. 1979).

[10]    4 RR 49.

all the elected officials' and departments' cards, which it paid with a single check.[11]

The auditor described the judge as a fiduciary with respect to his expenditures.[12] Importantly, credit card use was not discretionary. The auditor required a purchase order explaining the intended purchase and including any supporting documentation.[13] He had to sign off on the purchase.[14] This functioned, in part, to make sure there were funds in that official's or department's budget.[15]

Moreover, the auditor retained some control over expenditures already made. Even after the credit was issued in appellant's name, the auditor used his position as the payer of the county credit cards to ask the airline to make a "local government entity" exception and refund the money for the ticket.[16] In fact, it was this phone call that led to his discovery that the credit had been used.[17]

---

[11]  4 RR 49-50; Supp. CR 173-74 (State's Exhibit 2).

[12]  4 RR 66-67 (describing the duty of a fiduciary to make sure that county money is spent for its intended purpose, and concluding that appellant "was a fiduciary of that ticket for Val Verde County."). *See Berry v. State*, 424 S.W.3d 579, 583 (Tex. Crim. App. 2014) (defining a "fiduciary," *inter alia*, as one "who is required to act for the benefit of another person on all matters within the scope of their relationship," or who has a duty to "act with the highest degree of honesty and loyalty toward another person").

[13]  4 RR 47.

[14]  4 RR 48, 106.

[15]  4 RR 106-07.

[16]  4 RR 44 (acting through his staff).

[17]  4 RR 44.

5

In short, appellant was given consent to use county funds for a specific purpose. Before those funds were finally disposed of, and while the county still had access to and control over their disposition, appellant changed the intent that formed the basis of the consent without telling the county. This was deceptive. His subsequent exercise of control over the county's property was thus without effective consent.

The closest analogy would be a contractor who changes his mind and decides not to perform his obligation just as the customer hands over the check but before he lets it go. Because the customer's performance—payment—is not complete, the contractor's deception does not come too late to affect his judgment. The now-false impression that payment would result in service must be corrected.

Appellant argues that usage of the airline credit is somehow independent of the county funds used to buy the original tickets, thus requiring new consent. It is not. Appellant used county money to obtain a plane ticket, which was turned into a credit, which he used to obtain a different plane ticket. The form changed, not the substance. If appellant is correct, one can borrow a $100 bill and then tell his lender that he does not have to repay it because he exchanged it for five $20s or a $100 gift card before spending it.

## III. Conclusion

This case presents a very fact-specific scenario unlikely to repeat itself outside the context of government employment or perhaps business travel. Regardless of any "fail[ure] to connect the deception it found to any inducement to consent" in the lower court's unpublished opinion,[18] the connection is present and the holding was correct. At the time appellant changed his intended use of the county's property, the auditor remained in a position to use it for county business or possibly get a refund. Had appellant corrected the now-false impression that the funds would be used for county travel, his access to the credit—the auditor's consent—would have been denied or some arrangement made to ensure the county was made whole. But appellant failed to correct that impression. When that happened, the auditor's consent became ineffective and appellant's exercise of control over the airline credit was theft by deception.

---

[18] App. Br. at 7.

## PRAYER FOR RELIEF

WHEREFORE, the State of Texas prays that the Court of Criminal Appeals

affirm the judgment of the Court of Appeals.

Respectfully submitted,


/s/ John R. Messinger
JOHN R. MESSINGER
Assistant State Prosecuting Attorney
Bar I.D. No. 24053705

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

8

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that according to the WordPerfect word count tool this document contains 1,857 words.

/s/ John R. Messinger
John R. Messinger
Assistant State Prosecuting Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of July, 2015, a true and correct copy of the State's Brief on the Merits was eFiled or e-mailed to the following:

Melissa Hargis
Assistant Attorney General
District Attorney Pro Tem
Office of the Attorney General
Austin, TX 78711
melissa.hargis@texasattorneygeneral.gov

James Gerard McDermott, II
8140 N. Mopac
Westpark 4, Suite 250
Austin, TX 78759
james@centraltexaslawyers.com

/s/ John R. Messinger
John R. Messinger
Assistant State Prosecuting Attorney
