# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50914

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2019

Lyle W. Cayce
Clerk

BRUCE RANDOL MERRYMAN,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-311

Before KING, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Bruce Randol Merryman ("Merryman") appeals the district court's
dismissal of his 28 U.S.C. § 2254 ("§ 2254") petition as time-barred.  We granted
a certificate of appealability ("COA") solely as to the issue of whether, in view
of the holding of the Texas Court of Criminal of Appeals ("TCCA") in *Berry v.
State*, 424 S.W.3d 579 (Tex. Crim. App. 2014), regarding the meaning of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-50914

"fiduciary" in one of Merryman's statutes of conviction, the district court erred in determining that Merryman had not established a gateway claim of actual innocence. For the reasons stated below, we AFFIRM the district court's ruling.

I.

As a preliminary matter, we address Merryman's "motion" for "new evidence." We note, however, that Merryman's motion is in actuality an attempt to file a supplemental brief based, in part, on *Ex parte Dawson*, 509 S.W.3d 294 (Tex. Crim. App. 2016), and, in part, on his desire to further express his concerns over the fairness of his trial and point out injustices in the Texas Department of Criminal Justice with respect to challenging one's conviction.[1] The contents of Merryman's attempted supplemental brief go beyond the scope of the issue on which the COA was granted. Therefore, this court lacks jurisdiction to consider it. *See Simmons v. Epps*, 654 F.3d 526, 535 (5th Cir. 2011). Further, to the extent Merryman is seeking to raise a claim of infirmity in his own state habeas proceedings, that is not a basis for federal habeas relief. *See Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004). Accordingly, his motion is DENIED.

II.

Having addressed Merryman's pending motion, we proceed to his appeal. Merryman was indicted on three counts of theft by deception and three counts of misapplication of fiduciary property in violation of Texas statutory law. *See Merryman v. State*, 391 S.W.3d 261, 264 (Tex. App.—San Antonio 2012, pet. ref'd). The criminal charges concerned Merryman's conduct with respect to

---

[1] In *Dawson*, one justice of the TCCA filed a concurring opinion expressing the view that the TCCA should change its practice of allowing habeas petitions to be decided "by a lone judge rather than by all judges or a panel of the judges elected to [the TCCA]." 509 S.W.3d at 297–98 (Alcala, J., concurring). Merryman contends that *Dawson* shows that habeas petitioners in Texas "are not getting a fair chance to get their cases heard by T.C.C.A."

No. 17-50914

several construction projects he undertook as a general contractor. *See id.* According to the state appellate court's account, Merryman "obtained a series of advance payments from the customers before failing to complete each project." *Id.* The State's position was that "he never intended to finish the jobs and acted pursuant to a scheme to misappropriate the customers' money." *Id.* The case proceeded to trial before a jury, which returned guilty verdicts on all six counts. *Id.* at 268. Merryman received concurrent sentences ranging from two years of imprisonment to sixteen years of imprisonment and was ordered to pay restitution. *Id.*

The Court of Appeals of Texas in San Antonio affirmed the trial court's judgments, rejecting, *inter alia*, Merryman's contention that there was insufficient evidence to establish that he held his customers' property—here money—as a fiduciary, as required to support his conviction for misapplication of fiduciary property. *Id.* at 269-70. The court determined that evidence that Merryman entered into agreements with his customers "as to [the] particular course of action" of completing construction projects, along with testimony that Merryman's customers entrusted funds to him to be used to complete their construction projects, was sufficient to establish that Merryman acted in a fiduciary capacity. *Id.* at 270. In reaching its conclusion, the court dismissed Merryman's argument that he could not have acted in a fiduciary capacity since the construction contracts at issue were intended to mutually benefit and imposed obligations on both parties. *Id.*

Merryman's petition for discretionary review was refused by the TCCA on April 24, 2013. On or about August 20, 2014, Merryman applied for state post-conviction relief. On December 10, 2014, the TCCA denied relief without written order on the findings of the trial court and without a hearing. On or about June 15, 2015, Merryman filed a second state post-conviction

3

No. 17-50914

application. The TCCA dismissed the filing as a subsequent application by order dated March 22, 2017.

Merryman filed his pro se § 2254 petition on April 5, 2017, the date he verified he placed it in the prison mail system. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). He claimed, among other things, that there was no evidence that he held property as a fiduciary; that he was actually innocent of all three counts of misapplication of fiduciary property; that he had been denied the right to present a defense through his testimony; and that his trial counsel had been ineffective in various respects. The magistrate judge ("MJ") ordered Merryman to show cause why his § 2254 petition should not be dismissed as time-barred.

Merryman responded to the MJ's order with a lengthy filing in which he asserted, as relevant here, that he was actually innocent. The Respondent—Lorie Davis, Director of the Texas Department of Criminal Justice, Correctional Institutions Division ("Respondent")—answered the petition and argued that Merryman's § 2254 petition was time-barred; that Merryman had not established his actual innocence; and that he was not entitled to equitable tolling. Merryman replied that his actual innocence was established by various documents pertaining to the construction projects he performed and, more importantly for our purposes, by a change in state law established by the TCCA in *Berry v. State*, 424 S.W.3d 579 (Tex. Crim. App. 2014).

The district court dismissed the § 2254 petition as time-barred. The court determined that the one-year limitations period had expired before Merryman filed his first state habeas application and that Merryman was not entitled to equitable tolling. The court further determined that the untimeliness of the § 2254 petition should not be excused on account of Merryman's assertion of actual innocence. In this regard, the court noted only that the records relied on by Merryman in support of his actual innocence claim

No. 17-50914

concerned his own business dealings and therefore did not satisfy the requisite of newly discovered evidence. The district court denied Merryman's subsequent motion to amend or alter judgment under Federal Rule of Civil Procedure 59(e) and further denied a COA. Merryman timely appealed. As noted above, this court granted a COA, but only as to the issue of "whether, in view of *Berry*, the district court erred in determining that Merryman had not established a gateway claim of actual innocence."

## III.

On appeal from the denial of a § 2254 petition, we review a district court's findings of fact for clear error and conclusions of law de novo. *McCall v. Dretke*, 390 F.3d 358, 362 (5th Cir. 2004). We apply the same standard of review to the state court's decision. *Id.* Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner has one year from the latest of several events to file a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Narrowing our view to the issue on which the COA was granted, we will assume that the district court correctly determined that Merryman's § 2254 petition was untimely and consider only whether the district court erred in determining that Merryman did not establish a gateway claim of actual innocence that would excuse the untimeliness of his petition.

## IV.

## A.

A freestanding claim of actual innocence is not cognizable on federal habeas review. *See Kinsel v. Cain*, 647 F.3d 265, 270 n.20 (5th Cir. 2011) (citing *Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003)). However, in *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013), the Supreme Court held that actual innocence, if proven, serves as a gateway through which a prisoner may raise § 2254 claims despite expiration of the applicable limitations period under 28 U.S.C. § 2244(d). The actual innocence gateway, first recognized by the

No. 17-50914

Supreme Court in other contexts, is intended to avoid "fundamental miscarriage[s] of justice" and "is grounded on the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* at 392 (internal quotation marks and citation omitted).

Nevertheless, "tenable actual-innocence gateway pleas are rare." *Id.* at 386. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The "new evidence" must be "reliable evidence," such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. The Supreme Court has explained that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Perkins*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

B.

On appeal, Merryman, proceeding pro se, continues to assert that he is actually innocent of the three convictions of misapplication of fiduciary property because, given the TCCA's holding in *Berry* regarding the definition of "fiduciary," there was no evidence that he acted in a fiduciary capacity. Respondent argues that the *Berry* decision does not constitute "evidence" that can support a gateway claim of actual innocence; that even if *Berry* is "evidence," it isn't new evidence because it was available to Merryman to raise in his first state habeas application; and that, to the extent the decision in *Berry* can be "evidence," it is not evidence of Merryman's actual innocence because Merryman's case is factually distinguishable from *Berry*. As to the

6

last point, Respondent argues that the contracts that underlie Merryman's convictions go beyond ordinary business relationships or ordinary business dealings, such as the ones in *Berry*, because they are construction contracts and impose a high standard of care with respect to handling customer payments.

## C.

Under Texas law, a person commits the offense of misapplication of fiduciary property, in violation of Texas Penal Code § 32.45(b), "if he intentionally, knowingly, or recklessly misapplies property he holds as a fiduciary . . . in a manner that involves substantial risk of loss to the owner of the property or to a person for whose benefit the property is held." Texas Penal Code § 32.45(b); *see also Ronk v. State*, 250 S.W.3d 467, 470 (Tex. App.—Waco 2008, pet. ref'd.). In *Berry*, a case decided after Merryman's direct appeal had concluded, the TCCA interpreted § 32.45(b) and explained what it means to act as a fiduciary for purposes of that statute. *See* 424 S.W.3d at 580. The TCCA determined that acting in a fiduciary capacity "encompasses only special relationships of confidence or trust in which one party is obligated to act primarily for the benefit of the other." *Id*. More specifically, the TCCA held that "one acts in a 'fiduciary capacity' for purposes of the misapplication statute if his relationship with another is based not only on trust, confidence, good faith, and utmost fair dealing, but also on a justifiable expectation that he will place the interests of the other party before his own." *Id*. at 585. The TCCA explained that "[t]o impose a fiduciary relationship in ordinary business dealings would run contrary to the principle that a fiduciary is obligated to act for the primary benefit of the other party." *Id*. at 584. Considering these definitions, the TCCA determined in *Berry* that the evidence was insufficient to show that the defendant—a seller and installer of drapes and blinds—was a fiduciary because he "had no special or confidential relationship with his

customers beyond the usual contractual relationship that exists between any seller and a buyer of goods." *Id.* at 586.

### D.

Initially, we point out that in *Perkins*, the Supreme Court stressed the need to *prove* a gateway claim of actual innocence through *new and reliable evidence*. *See* 569 U.S. at 386-87, 399, 401. The *Berry* decision clearly does not constitute evidence under the traditional sense of the word. Merryman urges, however, that *Berry* constitutes a change in state law post-conviction that allows his actual innocence gateway claim to succeed, since he could not have been convicted of misappropriating fiduciary property under the "new" law set forth in *Berry*. This court has not addressed whether a subsequent change in state law can be the foundation for a gateway actual innocence claim. Cases decided by other appellate courts and even recent Supreme Court jurisprudence suggest that a post-conviction change in the state law on which the conviction was based could be a sufficient basis for a gateway actual innocence claim. *See Bousley v. United States*, 523 U.S. 614 (1998); *Phillips v. United States*, 734 F.3d 573 (6th Cir. 2013); *Vosgien v. Persson*, 742 F.3d 1131 (9th Cir. 2014). However, given that Merryman has not established a change in state law, we need not and expressly do not reach that question here.

In Merryman's direct appeal, the Court of Appeals of Texas in San Antonio, relying on prior caselaw, stated:

> [A] person acts in a fiduciary capacity within the context of section 32.45 when the business which he transacts, or the money or property which he handles, is not his or for his own benefit, but for the benefit of another person as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part.

*Merryman*, 391 S.W.3d at 269 (internal quotation marks and citations omitted).

No. 17-50914

In *Berry*, the TCCA recognized that the appellate court—the same one that considered Merryman's appeal—used the definition of "fiduciary" cited above in its analysis. 424 S.W.3d at 581. The TCCA then endorsed this interpretation. *Id.* at 583, 585. Specifically, the court noted that "the court of appeals cited the correct definition of 'fiduciary' in assessing the sufficiency of the evidence to sustain [the] appellant's conviction." *Id.* at 586. However, the TCCA found that the court of appeals had erred "*in its application of that definition to the facts of [the] case.*" *Id.* (emphasis added). Thus, *Berry* expressly did not change the law regarding misapplication of fiduciary property; and *at most*, with respect to Merryman's case, *Berry* demonstrates a misapplication by the state court of appeals of the law to the facts of Merryman's case. That is an insufficient basis for federal habeas relief. *See Charles v. Thaler*, 629 F.3d 494, 500-01 (5th Cir. 2011) ("A federal court lacks authority to rule that a state court incorrectly interpreted its own law.").

V.

In light of the foregoing, Merryman has not established a gateway claim of actual innocence. The ruling of the district court is, therefore, AFFIRMED.