ACCEPTED
14-15-00111-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
10/28/2015 9:43:56 AM
CHRISTOPHER PRINE
CLERK

**No. 14-15-00111-CR**

IN THE FOURTEENTH COURT OF APPEALS
SITTING IN HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

10/28/2015 9:43:56 AM

CHRISTOPHER A. PRINE
Clerk

**LEIROI MICKELE DANIELS,**
*Appellant,*

*vs.*

**STATE OF TEXAS,**
*Appellee.*

On appeal from Cause No. 1399598
in the 230th District Court of Harris County, Texas

**APPELLANT'S BRIEF**

**HEATHER M. LYTLE**
SBN: 24046487
202 Travis Street, Suite 300
Houston, Texas 77002
Tel. 713-204-7060
Fax 281-786-4539
heather@lytle-law.com

ATTORNEY FOR APPELLANT
LEIROI MICKELE DANIELS

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:**                             **Leiroi Mickele Daniels**

Appellant's Trial Counsel:          Byron Keith Watson
7322 Southwest Freeway, Suite 580
Houston, Texas 77074
Tel. 713-771-8777

Appellant's Appellate Counsel:    Heather M. Lytle
202 Travis Street, Suite 300
Houston, Texas 77002
Tel. 713-204-7060

**Appellee:**                                **State of Texas**

Appellee's Trial Counsel:           Lynne Parsons
Rachel Palmer
Assistant District Attorneys
Harris County District Attorney's Office
1201 Franklin Street, Suite 600
Tel. 713-755-5800

Appellee's Appellate Counsel:    Alan Curry
Chief Prosecutor, Appellate Division
Harris County District Attorney's Office
1201 Franklin Street, Suite 600
Tel. 713-755-5800

**Trial Court:**                       **Hon. Judge Brad Hart**
230th Judicial District Court
Harris County, Texas

# TABLE OF CONTENTS

Page No.

IDENTITY OF PARTIES AND COUNSEL ........................................................ i

TABLE OF CONTENTS ................................................................................. ii

TABLE OF AUTHORITIES ........................................................................... iv

STATEMENT OF THE CASE ......................................................................... vi

STATEMENT REGARDING ORAL ARGUMENT ........................................... vi

ISSUE PRESENTED ...................................................................................... vii

STATEMENT OF FACTS .............................................................................. 1

SUMMARY OF THE ARGUMENT ................................................................ 3

ARGUMENT ............................................................................................... 4

    **The trial court erred in denying Mr. Daniels' Motion to Quash and Exception to the Substance of the Indictment because it does not appear, from the allegations made in the indictment, that a criminal offense was committed by Mr. Daniels.** ................................... 4

        *De novo review is warranted for the questions of law before the Court.* .............................................................................................. 6

        *Texas Code of Criminal Procedure vs. Texas Constitution* ................... 8

        *Whose car is it, anyway?* ........................................................... 11

        *Mr. Daniels upheld his duty as a surety.* .................................... 14

        *Risk vs. Reward* ....................................................................... 17

        *As a matter of fact, it's a matter of law.* ................................... 18

PRAYER ................................................................................................... 19

CERTIFICATE OF COMPLIANCE ........................................................................20

CERTIFICATE OF SERVICE ...............................................................................20

iii

**TABLE OF AUTHORITIES**

Page No.

Cases

*Berry v. State*,
      424 S.W.3d 579 (Tex.Crim.App. 2014) ................................................. 15

*Casillas v. State*,
      733 S.W.2d 158 (Tex.Crim.App. 1986) ............................................... 17

*Cook v. State*,
      902 S.W.2d 471 (Tex.Crim.App. 1995) ............................................. 8,9

*Demond v. State*,
      452 S.W.3d 435 (Tex.App.—Austin 2014)........................................... 17

*Mills v. Baird,*
      147 S.W.2d 312 (Tex.App.—Austin 1941, writ ref'd).......................... 16

*State v. Krizan-Wilson*,
      354 S.W.3d 808 (Tex.Crim.App. 2011) ................................................ 6

*Martinez v. State*,
      753 S.W.2d 165 (Tex.App.—Beaumont 1988)..................................... 13

*State v. Salinas*,
      982 S.W.2d 9 (Tex.App.—Houston [1st Dist.] 1997)............................. 7

*Studer v. State*,
      799 S.W.2d 263 (Tex.Crim.App. 1990) ................................................ 9

*Thomas v. State*,
      621 S.W.2d 158 (Tex.Crim.App. 1981) ................................................ 6

Statutes and Rules

TEX. CODE CRIM. PROC. art. 27.08(1) ............................................................ 8

TEX. CODE CRIM. PROC. art. 59.02(b) ......................................................... 12

TEX. CODE CRIM. PROC. art. 59.02(d) ................................................................ 12,13

TEX. PENAL CODE § 1.07(a)(35)(A) ................................................................ 11,12

TEX. PENAL CODE § 32.45(b) ................................................................ 14,15

TEX. PENAL CODE § 32.45(a)(1)(C) ................................................................ 15

TEX. CONST. art. V, § 12 ................................................................ 8

## STATEMENT OF THE CASE

Appellant, LEIROI MICKELE DANIELS, was indicted on November 22, 2013, for the third-degree felony offense of Misapplication of Fiduciary Property. *Clerk's Record, Vol. 1, p. 261* (hereinafter abbreviated *CR vol:pg.*). Mr. Daniels filed a Motion to Quash the Indictment, an Amended Motion to Quash the Indictment, and a Second Amended Motion to Quash and Exception to the Substance of the Indictment. *CR 1:307, 332; CR 2:2261.* The trial court heard the motions and subsequently denied them. *Reporter's Record, Vol. 1, p. 16; Vol. 3, pp.9-10* (hereinafter abbreviated *RR vol:pg.*). *See also CR 1:310.* Mr. Daniels then entered a plea of "No Contest," without an agreed recommendation of punishment from the State. The trial court sentenced Mr. Daniels to five years' deferred adjudication probation, and certified his right to appeal the pre-trial motions. *CR 2:2266, 2268.* Mr. Daniels filed his Notice of Appeal (*CR 2:2273*), and now brings this appeal, challenging the trial court's denial of his Motion to Quash the Indictment.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Daniels respectfully requests that this Court grant oral argument. This case distinguishes between the constitutional and statutory requirements for a valid indictment. Oral argument would not only benefit the Court in rendering its decision, but is necessary for a thorough analysis of the issues.

# ISSUE PRESENTED

The trial court erred in denying Mr. Daniels' Motion to Quash and Exception to the Substance of the Indictment because it does not appear, from the allegations made in the indictment, that a criminal offense was committed by Mr. Daniels.

**STATEMENT OF FACTS**

Leiroi Mickele Daniels is an established criminal defense attorney, practicing in Houston, Texas. In September 2006, Angel Rodriguez hired Mr. Daniels to represent him in defending against a felony charge of possession, with intent to distribute, a controlled substance, pending in the 208th District Court of Harris County, Texas. *CR 1:265; RR 1:10; RR 2:25*. Mr. Rodriguez gave Mr. Daniels his car, a 2000 Mercedes Benz S 500, in partial payment for Mr. Daniels' legal services. *CR 1:332*. On November 7, 2006, Mr. Daniels signed a transfer of title, and on November 8, 2006, he filed that document. *RR 2:6*. On November 22, 2006, a new title was issued, showing Mr. Daniels as the lawful owner. *CR 1:289*.

On November 29, 2006 – after Mr. Daniels became the rightful owner of the car – the State of Texas filed an asset forfeiture lawsuit in civil court, alleging that it had the right to seize the car because it was used in furtherance of Mr. Rodriguez' alleged crime. *CR 1:265*. In response to the lawsuit, Mr. Daniels informed the Assistant District Attorney prosecuting the asset forfeiture lawsuit that he had title to the car, which he had received as payment for legal services. *RR 2:6-7*. Despite this fact, the State continued with the lawsuit.

The asset forfeiture lawsuit was set to be heard in the 157th District Court of Harris County, Texas. That court issued a surety bond to Mr. Rodriguez on March 30, 2007, which obligated him – <u>not Mr. Daniels</u> – to return the vehicle to the

1

Court on the day of "the forfeiture hearing," or pay the agreed-upon value of the car, $23,000.00. *CR 1:273*. Both Mr. Daniels and his law firm signed as co-sureties to the bond, and were obligated to ensure payment in the amount of $23,000.00 if the vehicle was not produced on the day of trial. *Id.* The Court then released the vehicle to the possession of Mr. Daniels.

On April 9, 2008, over a year following the issuance of the bond, but before the forfeiture hearing, Mr. Daniels sold the vehicle and later purchased another in Florida. *CR 1:266*. He had already paid a significant amount of money in repairs, and only sold it for $12,000.00 trade-in value. *Id.* When the court date arrived, Mr. Rodriguez did not appear, and Mr. Daniels did not produce the vehicle pursuant to the replevy bond, because it had been sold. *CR 1:282-83*.

The forfeiture court ordered the bond forfeited on August 16, 2010. *CR 1:282-83*. The State filed an abstract of judgment on November 18, 2010, but then cancelled it, and made no further attempt to collect on the judgment or execute the order of bond forfeiture. *See Appendix A, attached hereto*. Instead of proceeding with the available remedy to obtain the value of the vehicle – which was the purpose of the forfeiture lawsuit to begin with – the State charged Mr. Daniels with the third-degree felony offense of Misapplication of Fiduciary Property. The State eventually did abstract the judgment on January 8, 2014, which was well into the

2

pre-trial litigation of Mr. Daniels' criminal charge and after Mr. Daniels challenged the legality of the indictment. *RR 2:9-10; See Appendix B, attached hereto*.

## SUMMARY OF THE ARGUMENT

This is not a case of misappropriation of fiduciary property. This is a case of the State prosecuting a grudge against Mr. Daniels for a perceived attempt to thwart an asset forfeiture and seizure.

Mr. Daniels did not commit a crime, and the allegations contained in the indictment do not describe criminal behavior as a matter of law. When he sold the vehicle subject to asset forfeiture, the State had every right and opportunity to demand payment from the bond forfeiture or execute the agreed judgment but failed to do so. In fact, the State filed, and then withdrew, an abstract of the judgment, choosing instead to indict Mr. Daniels years later. The trial court should have dismissed such an indictment, which reached far outside the letter and spirit of the law.

The indictment in this case fails, pursuant to Article 27.08(1) of the Texas Code of Criminal Procedure, because it does not appear from the allegations claimed in the indictment that an offense was committed by Mr. Daniels. Specifically, the allegations do not describe a criminal offense because: (1) Mr. Daniels, not the 157th District Court, was the lawful owner of the vehicle and one cannot misappropriate his own property; (2) Mr. Daniels did not, as a matter of

3

law, fail to honor any fiduciary obligation bestowed by the surety bond; and (3) the existence of the bond legally precludes any risk of loss that Mr. Daniels' actions may have caused. Therefore, the trial court erroneously applied the law when it denied Mr. Daniels' several attempts to quash the indictment.

## ARGUMENT

**The trial court erred in denying Mr. Daniels' Motion to Quash and Exception to the Substance of the Indictment because it does not appear, from the allegations made in the indictment, that a criminal offense was committed by Mr. Daniels.**

Mr. Daniels does not stand before this Court claiming, like so many before him, "I didn't do it." Mr. Daniels freely admits that he _did_ do exactly what the State claims he did. It just isn't a crime to have done so. Therefore, the State's allegations do not, as a matter of law, describe criminal conduct.

Even though the indictment tracks the language of Section 32.45 of the Texas Penal Code, it is substantively defective because it does not allege conduct which actually violates that statute. In two paragraphs, the indictment charged Mr. Daniels with the third-degree felony of Misapplication of Fiduciary Property, and in pertinent part reads:

> [I]n Harris County, Texas, LEIROI MICKELE DANIELS, hereinafter styled the Defendant, heretofore on or about MARCH 30, 2007 CONTINUING THROUGH NOVEMBER 15, 2010, did then and there unlawfully, while a fiduciary, namely a co-surety to the Court's replevy bond, intentionally and knowingly misapply property, to wit: a 2000 Mercedes Benz S 500… of a value of over twenty-thousand dollars and under one hundred thousand dollars by dealing with said

4

property contrary to an agreement under which the Defendant held the property and in a manner that involved a substantial risk of loss to the 157th District Court, the owner of said property, by selling the vehicle and failing to return the motor vehicle to the court on the day of trial.

It is further presented that LEIROI MICKELE DANIELS … did then and there unlawfully, while a fiduciary, namely a co-surety to the Court's replevy bond, recklessly misapply property, to wit: a 2000 Mercedes Benz S 500 … by dealing with said property contrary to an agreement under which the Defendant held the property and in a manner that involved a substantial risk of loss to the 157th District Court, the owner of said property, by not abiding by the conditions in the replevy bond and Chapter 59.02 of the Code of Criminal Procedure, by failing to return the motor vehicle to the court on the day of trial and by selling the vehicle and using the proceeds from the sale of the above referenced property to purchase a motor vehicle for Rhoda Daniels.

*CR 1:261.* These allegations fail as a matter of law because (1) Mr. Daniels was the lawful owner of the vehicle, rather than the 157th District Court, and cannot unlawfully misappropriate his own property; (2) Mr. Daniels did not breach a fiduciary duty when he sold the vehicle; (3) the bond and agreed judgment necessarily eliminate any risk of loss.

The relevant facts are undisputed: Mr. Rodriguez gave Mr. Daniels his vehicle in payment for legal services, and Mr. Daniels took both title and possession of the vehicle. The State subsequently subjected Mr. Daniels' vehicle to an asset forfeiture lawsuit. In order to maintain possession of his property during the pendency of the lawsuit, Mr. Daniels signed as a co-surety to a surety bond issued to Mr. Rodriguez. Mr. Daniels sold his property before the civil trial

5

court determined whether the State had the right to seize the property. Mr. Daniels agreed to honor his obligation as surety and agreed to pay the bond amount. The State, however, failed to pursue the remedy given by the civil trial court in its order of bond forfeiture and agreed judgment. Instead, the State sought criminal charges against Mr. Daniels.

What is disputed in this case is the legal impact of the facts. Mr. Daniels asserts that, as a matter of law, the State's indictment fails because the allegations do not amount to a violation of the law. The State will argue that the indictment tracks the language of the statute, and Mr. Daniels' complaints are simply fact issues to be argued to a jury, rather than legal issues to be determined prior to trial. However, as demonstrated below, the State's arguments fail because they misunderstand the applicable law.

### *De novo review is warranted for the questions of law before the Court.*

Precedent dictates that appellate courts review a denial of a motion to quash for abuse of discretion, while a motion to dismiss an indictment is reviewed under a bifurcated standard. *See Thomas v. State*, 621 S.W.2d 158, 163 (Tex.Crim.App. 1981) (motion to quash); *State v. Krizan-Wilson.* 354 S.W.3d 808, 816 (Tex.Crim.App. 2011) (motion to dismiss). Under the bifurcated standard, almost total deference to the trial court's findings of fact, both express and implied, which

are supported by the record. *Id*. But the Court will review *de novo* questions of law and mixed questions of law and fact that do not turn on credibility. *Id*.

There is sometimes confusion in the case law created by failing to distinguish between a motion to quash and a motion to dismiss. *See State v. Salinas*, 982 S.W.2d 9, 10, n.1 (Tex.App.—Houston [1st Dist.] 1997). The Code of Criminal Procedure uses the term "motion to set aside," although in practice attorneys title their motions interchangeably with "motion to set aside," "motion to quash," and "motion to dismiss." *Id*. Rather than base the standard of review on the title of the motion presented to the trial court, the better practice is to determine whether the issue presented to this Court is one of law or of fact. *Id*. If it is a question of law, then this Court applies a *de novo* standard of review. *Id*.

The issues presented to this Court are legal, rather than factual issues, as will be discussed more thoroughly below. Mr. Daniels presented three motions to the trial court, all using the words "motion to quash" and/or "exception to the substance" of the indictment. All issues raised in this appeal turn on the substantive defects of the indictment, pursuant to Article 27.08(1) of the Texas Code of Criminal Procedure. Accordingly, Mr. Daniels urges this Court to review this case *de novo*, as claims against the substantive defects of an indictment are legal issues.

### *Texas Code of Criminal Procedure vs. Texas Constitution*

The State will undoubtedly argue before this Court, as it did in the trial court, that the indictment suffices because it meets all the requirements necessary to "charge an offense." *CR 1:267-68*. Mr. Daniels does not dispute that the indictment sufficiently tracks the language of Section 32.45 of the Penal Code. In doing so, the indictment is indeed sufficient to "charge an offense," as required by Article V, Section 12 of the Texas Constitution in order to confer jurisdiction on the trial court. TEX. CONST. art. V, § 12. *See also Cook v. State*, 902 S.W.2d 471, 482-483 (Tex.Crim.App. 1995) (J. Maloney concurring).

However, Mr. Daniels does not suggest that the indictment is constitutionally infirm. Rather, the indictment is substantively defective, pursuant to Article 27.08(1) of the Texas Code of Criminal Procedure, which holds that exception to the substance of an indictment may be made when "it does not appear therefrom that an offense has been committed by the defendant." TEX. CODE CRIM. PROC. art. 27.08(1). "'That it does not appear that an offense was committed' is far different from 'that it does not charge an offense.'" *Cook*, 902 S.W.2d at 482 (J. Maloney concurring).

It is possible, as in this case, for an indictment to satisfy the constitutional requirement to "charge the commission of an offense," while containing fatal and

8

substantive defects in which it does not "appear that an offense was committed."

As Judge Maloney succinctly explained in his concurring opinion in *Cook v. State*:

> Under a true reading of the provisions, the constitution requires that an indictment charge the commission of an offense; article 27.08 provides that it is a defect of substance "that it does not appear that an offense was committed." The constitution speaks in terms of what is necessary to charge the commission of an offense; article 27.08 speaks in terms of whether it appears from the allegations that an offense was committed.
>
> … In order to charge "the commission of an offense" an indictment must allege enough so that the offense alleged can be identified. This vests the court with subject matter jurisdiction. … Rather, if enough is alleged to enable the identification of an offense for purposes of subject matter jurisdiction under the constitution, but the allegations are nevertheless deficient so that technically it does not appear that an offense was committed, there is a waivable defect of substance.

*Id*. at 482-83.

It is well-settled law that substantive defects under Article 27.08(1) include, among other things, failure to allege an element of the offense. *See Studer v. State*, 799 S.W.2d 263, 267 (Tex.Crim.App. 1990). In this case, the indictment referenced every element of Misappropriation of Fiduciary Property according to Section 32.45, but alleged elements that are legal impossibilities or misidentified certain elements of the crime. Such defects should be considered as a failure to allege an element of the offense, such that it is no longer apparent from the face of the indictment that an actual criminal offense was committed by the defendant.

Said another way, it is not enough for the State to simply fill in the blanks of the statute. In order to meet both the constitutional and statutory standards of a valid indictment, it must *correctly* allege the elements of the crime. Alleging a legal impossibility, or misidentifying an essential element of the crime, is fatal to the indictment in the same way as omitting an element altogether.

In this case, the indictment was fatally flawed in three ways, as discussed more fully below, even though it tracked the language of the correct criminal statute. First, the indictment named the 157th District Court as the owner of the vehicle, when: (1) that is a legal impossibility; and (2) Mr. Daniels at all times retained legal ownership over the vehicle. Accordingly, the indictment fails because the State both alleged a legal impossibility and misidentified the correct element of ownership.

Second, the indictment alleged that the misapplication of the vehicle took place while Mr. Daniels was acting in a fiduciary capacity as a co-surety to the surety bond issued by the 157th District Court to Mr. Rodriguez. However, as a matter of law, Mr. Daniels' duty as co-surety was to pay the bond amount, should anything happen to the vehicle. The bond did not convey a fiduciary duty to Mr. Daniels to care for the vehicle itself, nor did the bond establish that Mr. Daniels owed that fiduciary duty to the District Court.

10

Finally, the indictment alleges that Mr. Daniels' selling of the vehicle created a substantial risk of loss to the 157th District Court. The existence of the bond necessarily eliminates any such risk as a matter of law. And furthermore, the statute requires a substantial risk of loss to the *owner* of the vehicle – in this case, Mr. Daniels and not the 157th District Court.

For all these reasons, the trial court should have granted Mr. Daniels' pre-trial challenges to the indictment and should have dismissed the indictment because it is not apparent from the allegations that an actual crime was committed.

### *Whose car is it, anyway?*

Mr. Daniels argued before the trial court that the 157th District Court cannot legally own property, and provided ample evidence of Mr. Daniels' possession and ownership of the vehicle including: (1) an agreement between Mr. Daniels and Mr. Rodriguez in which Mr. Rodriguez gave Mr. Daniels the car in partial payment for legal services; (2) a signed and filed transfer of title document; and (3) an actual title issued to Mr. Daniels. All of these documents were dated prior to the filing of the asset forfeiture lawsuit.

The State countered that the 157th District Court had the "greater right of possession" of the vehicle, as contemplated under the Texas Penal Code, which defines "owner" as "a person who… has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property

than the actor." TEX. PENAL CODE § 1.07(a)(35)(A). *RR 4:6*. The State's argument fails because it ignores Mr. Daniels' title and possession of the vehicle, and the provisions of the asset forfeiture statute, Article 59.02 of the Texas Code of Criminal Procedure.

The 157th District Court did not have a greater right of possession over the vehicle which would override Mr. Daniels' title and actual possession. The fact that the State filed an asset forfeiture lawsuit does not somehow confer ownership upon the district court which randomly draws the case. Article 59.02 of the Texas Code of Criminal Procedure governs the procedure of asset forfeiture cases, and speaks directly to this issue.

First, Article 59.02 holds that the property subject to seizure "may be replevied by the *owner or interest holder*, on execution of a good and valid bond with sufficient surety in a sum equal to the appraised value of the property replevied." TEX. CODE CRIM. PROC. art. 59.02(b) (emphasis added). Thus, the statute presumes that a person (likely a party to the forfeiture suit) is the "owner," not the court presiding over the case. More importantly, Article 59.02 specifically holds that ownership *does not* revert to the Court or the State during the pendency of the lawsuit:

> Notwithstanding any other law, if property is seized from the possession of an owner or interest holder who asserts an ownership interest, security interest, or lien interest in the property under applicable law, *the owner or interest holder's rights remain in effect*

12

*during the pendency of proceedings under this chapter as if possession of the property had remained with the owner or interest holder*.

TEX. CODE CRIM. PROC. art. 59.02(d) (emphasis added).

Article 59.02 makes clear that the District Court was not, as a matter of law, the "owner" of the vehicle. Mr. Daniels secured title prior to the filing of the lawsuit and asserted his interest in the forfeiture court. The law both defines him as the owner and secures ownership rights with him during the pendency of the forfeiture lawsuit.

This case is analogous to *Martinez v. State*, in which the Ninth Court of Appeals rendered an acquittal in a misappropriation of fiduciary property case for the failure to prove ownership as a matter of law. In that case, the State alleged that Mr. Martinez misapplied property of the Gospel Tabernacle while holding the property as a trustee. *Martinez v. State*, 753 S.W.2d 165, 166 (Tex.App.—Beaumont 1988). A jury convicted Martinez, and he appealed, claiming evidence was insufficient to prove a substantial risk of loss to Gospel Tabernacle, or that he held property as a trustee for Gospel Tabernacle, because Gospel Tabernacle did not legally exist as an entity. *Id.* at 167. The Ninth Court agreed, holding that, because the Gospel Tabernacle "was not in existence as a matter of law," at time of the alleged misappropriation, the "State failed to prove that the owner was 'the membership of the Gospel Tabernacle,'" as alleged in the indictment. *Id.*

13

As in the *Martinez* case, the State here has alleged a legal impossibility in the ownership element of the crime. In *Martinez*, the defendant did not actually commit the crime alleged because it is legally impossible to misappropriate property from an entity that does not exist. In the same way, it is legally impossible for Mr. Daniels to misappropriate property from himself. It is of little consequence that the *Martinez* case dealt with the issue as sufficiency of the evidence, rather than a pre-trial motion to quash or dismiss the indictment. The holding is dispositive in either setting. Neither the jury during trial, nor the judge prior to trial, are permitted to disagree with the law and allow for a conviction based upon a legally defective indictment.

Accordingly, the trial court erred in denying Mr. Daniels' exception to the substance of the indictment, and erred in holding that ownership was a fact issue to be determined by the jury. The jury would not be permitted to disagree with the law, as set out in Section 1.07(a)(35) and Article 59.02. As a matter of law, the indictment should have been dismissed as substantively defective.

### Mr. Daniels upheld his duty as a surety.

Section 32.45 of the Penal Code provides that a person commits the offense of Misapplication of Fiduciary Property if he:

> intentionally, knowingly, or recklessly misapplies *property he holds as a fiduciary* or property of a financial institution in a manner that involves substantial risk of loss to the owner of the property or to a person for whose benefit the property is held.

14

TEX. PENAL CODE § 32.45(b) (emphasis added). A fiduciary is defined, in pertinent part, as "any … person acting in a fiduciary capacity, but not a commercial bailee…" *Id*. at § 32.45(a)(1)(C).

"Fiduciary capacity" has been defined as encompassing "only special relationships of confidence or trust in which one party is obligated to act primarily for the benefit of the other." *Berry v. State*, 424 S.W.3d 579, 580 (Tex.Crim.App. 2014). In reaching this holding, the *Berry* court analyzed the meaning and purpose of a fiduciary, and observed:

> [T]he plain meaning of a fiduciary is one "who is required to act for the benefit of another person on all matters within the scope of their relationship."
> …
> An individual who acts as a fiduciary is further defined as "one who owes to another the duties of good faith, trust, confidence and candor," or, "[o]ne who must exercise a high standard of care in managing another's money or property."
> …
> [O]ne acts in a "fiduciary capacity" for purposes of the misapplication statute if his relationship with another is based not only on trust, confidence, good faith, and utmost fair dealing, but also on a justifiable expectation that he will place the interests of the other party before his own.

*Id*. at 583, 585.

The State alleged that Mr. Daniels held the vehicle as a fiduciary because he was a co-surety to the bond issued by the Court. However, Mr. Daniels' role as

15

co-surety does not create the type of fiduciary relationship intended by the misapplication of fiduciary property statute.

As a surety to the bond issued by the court, Mr. Daniels was obligated to ensure payment of the bond amount, should the property not be returned to the court. *CR 1:273*. The surety bond specifically stated that Mr. Daniels, as co-surety, was bound to the State of Texas, in the sum of $23,000.00. *Id.* It did not confer fiduciary responsibility to Mr. Daniels for the vehicle.

The law has long held that a surety's duty is to "make good any breach of official duty of its principal, whether or not tainted with fraud not because of anything the surety may have done or failed to do, but because the surety has so bound itself by its undertaking." *Mills v. Baird,* 147 S.W.2d 312, 316 (Tex.App.— Austin 1941, writ ref'd). In this case, Mr. Daniels at all times fulfilled his obligation as a surety by agreeing to pay the amount of the bond.

Importantly, Mr. Daniels was not holding the vehicle as a fiduciary to anyone else, as contemplated by the criminal statute. As discussed above, he was holding the property as the owner and at all times retained ownership rights. Therefore, his possession of the vehicle was not conferred upon him in a relationship of trust in which he was required to act for the benefit of someone else. He was simply holding his own property, awaiting the outcome of the asset forfeiture lawsuit. At the time he sold the car, no judgment had been made giving

16

the State the right to seize the vehicle. Accordingly, Mr. Daniels was obligated only to provide the State of Texas with $23,000, should the vehicle be judged to be forfeited as contraband and not available to be handed over to the State.

The trial court erred in denying Mr. Daniels Motion to Quash and Exception to the Substance of the Indictment because, as a matter of law, he was not acting as a fiduciary when he sold the vehicle.

### *Risk vs. Reward*

The indictment is also fatally flawed because, as a matter of law, there can be no substantial risk of loss to the 157th District Court, as alleged. First, the 157th District Court is not the owner of the vehicle and cannot, as a matter of law, have sustained any loss by Mr. Daniels' selling it. As discussed above, Mr. Daniels was the owner of the vehicle and cannot legally cause himself risk of loss by selling his own property. Even if this Court finds that Mr. Daniels was not the legal owner of the vehicle, there can be no substantial risk of loss as a matter of law because the surety bond necessarily eliminates all such risk.

"Substantial risk of loss," as contemplated by Section 32.45, has been interpreted to mean that it must be "more likely than not" that the property would be lost. *Demond v. State*, 452 S.W.3d 435, 445(Tex.App.—Austin 2014) (citing *Casillas v. State*, 733 S.W.2d 158, 164 (Tex.Crim.App. 1986)). On one hand, it is obvious that selling a vehicle means it is "more likely than not" that the vehicle

would be lost.  However, the purpose of the surety bond – and indeed the forfeiture lawsuit itself – is to procure the value of the vehicle, rather than the property itself. With the bond in place, even if the property is lost, the value is still assured to be awarded to the State of Texas as a matter of law.

In fact, the State was entitled to receive – and did eventually receive – over $23,000.00 for a vehicle that Mr. Daniels was only able to sell for a $12,000.00 trade-in value. *CR 1:266*.  So rather than a substantial risk of loss, the State actually received _twice_ the value of vehicle.

The surety bond is a legally binding document, with legal effect.  The trial court was mistaken in concluding that a jury could weigh and consider whether or not, factually, the bond eliminated the risk of loss.  It is not up for interpretation by a jury whether or not Mr. Daniels obligated himself legally to pay the bond in the amount of $23,000.00, or whether the State had the legal right to obtain that sum. As a matter of law, the surety bond ensures such payment.

### *As a matter of fact, it's a matter of law.*

This case turns on which issues can be determined prior to trial as matters of law, and which issues remain in the province of the jury as the trier of fact.  The trial court's ruling essentially delegated to the jury its responsibility of determining the law.  The State cannot be permitted to proceed with an indictment merely because it fills in the blanks of a criminal statute.  This Court must hold the State to

a higher burden than that, and require the State to make allegations that are legally sound before subjecting a citizen to a trial and possible loss of liberty.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Mr. Daniels respectfully requests that this Court reverse the trial court's ruling on his pre-trial motions and render a judgment of acquittal.

Respectfully submitted,

__/s/ Heather M. Lytle__
**HEATHER M. LYTLE**
SBN: 24046487
202 Travis Street, Suite 300
Houston, Texas 77002
Tel. 713-204-7060
Fax 281-786-4539
heather@lytle-law.com

ATTORNEY FOR APPELLANT
LEIROI MICKELE DANIELS

19

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with Texas Rule of Appellate Procedure 9.4.

It was prepared in 14-point Times New Roman font.  It contains 5,367 words.

___/s/ Heather M. Lytle_____
**HEATHER M. LYTLE**

## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of October, 2015, a true and correct

copy of the foregoing instrument was served upon the following counsel of record

in accordance with the Texas Rules of Appellate Procedure:


Alan Curry
Chief Prosecutor, Appellate Division
Harris County District Attorney's Office
1201 Franklin St., Suite 600
Houston, Texas 77002

/s/ Heather M. Lytle
**HEATHER M. LYTLE**

No. 14-15-00111-CR

IN THE FOURTEENTH COURT OF APPEALS
SITTING IN HOUSTON, TEXAS

---

**LEIROI MICKELE DANIELS,**
     *Appellant*,

*vs*.

**STATE OF TEXAS,**
     *Appellee*.

---

On appeal from Cause No. 1399598
in the 230th District Court of Harris County, Texas

---

**APPENDIX TO APPELLANT'S BRIEF**

---

HEATHER M. LYTLE
SBN: 24046487
202 Travis Street, Suite 300
Houston, Texas 77002
Tel. 713-204-7060
Fax 281-786-4539
heather@lytle-law.com

ATTORNEY FOR APPELLANT
LEIROI MICKELE DANIELS

# TABLE OF CONTENTS

Request for Abstract of Judgment – November 18, 2010 ...................... Appendix A

Request for Abstract of Judgment - January 8, 2014.............................. Appendix B

# APPENDIX A

CONFIRMED FILE DATE: 11/18/2010

P-3

JIM LEITNER
FIRST ASSISTANT



CRIMINAL JUSTICE CENTER
1201 FRANKLIN, SUITE 600
HOUSTON, TEXAS 77002 1901

**PATRICIA R. LYKOS**
District Attorney
Harris County, Texas

November 18, 2010

*FILED*
Loren Jackson
District Clerk
NOV 18 2010
3:00 PM
Time: _____
Harris County, Texas
By _____ Deputy

Mr. Loren Jackson
Harris County District Clerk
201 Caroline, Room 250
Houston, Texas 77210-4651
ATTN: Civil Post Trial Section

Dear Mr. Jackson,

Unless your official records indicate that such action is inappropriate, please issue an abstract of judgment in the following cause. The information below is to be stated on the abstract:

**CAUSE NO.:** 2006-76124    **COURT:** 157th District Court

**STYLE:** The State of Texas v. One Mercedes Benz S500

**INFORMATION ON DEFENDANT-PRINCIPAL:** Angel Saltares Rodriguez
**Last Known Address:** TDCJ-ID# 01573641, Cole Unit, 9801 Silo Road, Bonham, Texas 75418
**DOB:** 12/13/1979    **SOC. SEC. #:** 582871678    **DL#:** 24592290

**INFORMATION ON DEFENDANT-SURETY:** L. Mickele' Daniels and Associates
**Last Known Address:** 7322 Southwest Freeway, Suite 580, Houston, Texas 77074
**DOB:** N/A    **SOC. SEC. #:** N/A    **DL#:** N/A

**INFORMATION ON DEFENDANT-CO-SURETY:** L. Mickele' Daniels
**Last Known Address:** 19 Dartmoor, Sugarland, TX 77479
**DOB:** 10/09/1963    **SOC. SEC. #:** 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    **DL#:** 02413539

**DATE OF JUDGMENT:** August 16, 2010

**AMOUNT OF JUDGMENT:** $25,300.00 ($23,000.00, plus prejudgment interest)

**JUDGMENT CREDIT:** NONE

Sincerely,

Karen L. Morris
Assistant District Attorney
Harris County, Texas

Telephone (713) 755 - 5800                    Facsimile (713) 755 - 6865

## REQUEST FOR ABSTRACT OF JUDGMENT

Date: November 18, 2010

Please process this request to have Judgment against the Defendant/Respondent abstracted. The information below is to be stated on the abstract.

CAUSE NUMBER: 2006-76124      157th     JUDICIAL DISTRICT COURT

STYLE: The State of Texas v. One Mercedes Benz S500

VS.

Creditor's last known address: Harris County District Attorney, Attn: Karen L. Morris, Asset Forfeiture Division
1201 Franklin, Suite 600, Houston, Texas 77002

Debtor's last known address: Three debtors, as stated in attached letter

Debtor's Date of Birth: Please see attached letter.
Debtor's Social Security No: Please see attached letter.
Debtor's Driver's License Number: Please see attached letter.

Date of Judgment: August 16, 2010

Amount of Judgment: $25,300.00 ($23,000.00 + prejudgment interest)

Judgment Credit, if any: NONE

Number of Abstracts requested: 3

Requested by:

Law Firm: Harris County District Attorney's Office

Attorney: Karen L. Morris

Bar Number: 14491100

Address: 1201 Franklin, Suite 600

| Houston | Texas | 77002 |
|---------|-------|-------|
| City | State | Zip |

Phone Number: (713) 755-5461

☑ HOLD FOR PICKUP      ☐ RETURN BY MAIL (SEE BELOW)

Please return this request along with $8 fee to:
Loren Jackson, District Clerk
P. O. Box 4651
201 Caroline, Suite 250
Houston, TX 77210-4651

ATTENTION: Effective June 1, 2010
For all Services provided by the District Clerks
Office requiring our office to MAIL something
back to the Requesting Party, we require a
Self-Addressed Stamped Envelope with sufficient
postage for mail back.

This form can be found on our website at www.hcdistrictclerk.com
Revised 5/18/2010



COUNTY AUDITOR'S FORM/3399A
HARRIS COUNTY, TEXAS (REV.10/99)

OFFICIAL RECEIPT    ST NO 1465

# LOREN JACKSON    DISTRICT CLERK

ACTION: ABSTRACT                    CASE: C-201176214    TRANS NO: 1472010    COURT: 157
STYLE PLT: STATE OF TEXAS
DEF: ONE 2010 MERCEDES BENZ S600 AS LISTED ON NOTICE OF

APPLICATION    QTY    AMOUNT    PAYMENT 1         VISA                                    24.00
OF ABSTRACT    1      24.00     PAYMENT 2

AMOUNT TENDERED:                                                                          24.00
TOTAL AMOUNT:                                                                            24.00
AMOUNT APPLIED:                                                                          24.00

CHANGE:                                                                                    .00

RECEIVED  SPALDING, ROBYN                                                          (ZA133989)
OF      1201 FRANKLIN 600
        HOUSTON, TX 77002
TWENTY-FOUR DOLLARS AND 0/100*********************************************** DOLLARS
PAYMENT DATE: 11/19/2010      FILE DATE: 11/19/2010

ASSESSED BY: FEATHERSTON, LOU H
VALIDATED 11/19/2010   BY: FEATHERSTON, LOU H

**FILE COPY**

Cancelled & Refunded
LM

# APPENDIX B

## REQUEST FOR ABSTRACT OF JUDGMENT

Date: January 8, 2014

Please process this request to have Judgment against the Defendant/Respondent abstracted. The information below is to be stated on the abstract.

CAUSE NUMBER: 2006-76124          157th          JUDICIAL DISTRICT COURT

STYLE: The State of Texas v. One 2000 Mercedes Benz S500

VS.

Creditor's last known address: Harris County District Attorney's Office, Attn: Kaylynn Williford, Asset Forfeiture Division, 1201 Franklin, Suite 600, Houston, Texas 77002

Debtor's last known address: Three debtors, as stated in attached letter.

Debtor's Date of Birth: Please see attached letter.
Debtor's Social Security No: Please see attached letter.
Debtor's Driver's License Number: Please see attached letter.

Date of Judgment: August 16, 2010

Amount of Judgment: $25,300.00 ($23,000.00 + prejudgment interest)

Judgment Credit, if any: NONE

Number of Abstracts requested: 2

Requested by:

Law Firm: Harris County District Attorney's Office

Attorney: Kaylynn Williford

Bar Number: 16425100

Address: 1201 Franklin, Suite 600

| Houston | Texas | 77002 |
|---------|-------|-------|
| City | State | Zip |

Phone Number: (713) 755-5461

[✓] HOLD FOR PICKUP                [ ] RETURN BY MAIL (SEE BELOW)

Please return this request along with $8 fee to:

**Chris Daniel, District Clerk**
P. O. Box 4651
201 Caroline, Suite 250
Houston, TX 77210-4651

**ATTENTION: Effective June 1, 2010**

For all Services provided by the District Clerks Office requiring our office to MAIL something back to the Requesting Party, we require a Self-Addressed Stamped Envelope with sufficient postage for mail back.

This form can be found on our website at www.hcdistrictclerk.com
Revised 5/18/2010

Unofficial Copy Office of Chris Daniel District Clerk

**Belinda Hill**
**First Assistant**



**Criminal Justice Center**
1201 Franklin, Suite 600
Houston, Texas 77002-1901

# HARRIS COUNTY DISTRICT ATTORNEY
## DEVON ANDERSON

January 8, 2014

Mr. Chris Daniels
Harris County District Clerk
201 Caroline, Room 250
Houston, Texas 77210-4651
ATTN: Civil Post Trial Section

Dear Mr. Daniels,

Unless your official records indicate that such action is inappropriate, please issue an abstract of judgment in the following cause. The information below is to be stated on the abstract:

**CAUSE NO.:** 2006-76124    **COURT:** 157th District Court

**STYLE:** The State of Texas v. One 2000 Mercedes Benz S500

**INFORMATION ON DEFENDANT-PRINCIPAL:** Angel Saltares Rodriguez
**Last Known Address:** Unknown. This individual was deported to Guatemala by the United States Department of Immigration and Customs Enforcement in July 2011.
**DOB:** 12/13/1979    **SOC. SEC. #:** 582871678    **DL#:** 24592290

**INFORMATION ON DEFENDANT-SURETY:** L. Mickele' Daniels and Associates
**Last Known Address:** 7322 Southwest Freeway, Suite 580, Houston, Texas 77074
**DOB:** N/A    **SOC. SEC. #:** N/A    **DL#:** N/A

**INFORMATION ON DEFENDANT-CO-SURETY:** L. Mickele' Daniels
**Last Known Address:** 19 Dartmoor, Sugarland, TX 77479
**DOB:** 10/09/1963    **SOC. SEC. #:** 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    **DL#:** 02413539

**DATE OF JUDGMENT:**          August 16, 2010

**AMOUNT OF JUDGMENT:**     $25,300.00  ($23,000.00,  plus prejudgment interest)

**JUDGMENT CREDIT:**            NONE

**NUMBER OF ABSTRACTS REQUESTED:** Two

Sincerely,

Kaylynn Williford
Assistant District Attorney
Harris County, Texas
State Bar No. 16425100

Unofficial Copy Office of Chris Daniel District Clerk